# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FARON WILLIAMSON,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1329** (BOR Appeal No. 2047169)
            (Claim No. 2007223127)

**HEARTLAND PUBLICATIONS, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Faron Williamson, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Publications, LLC, by Nathan Ward, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed an April 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 20, 2011, decision which granted Mr. Williamson a 14% psychiatric permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williamson, a press foreman, was injured in the course of his employment when he caught his right hand in a printing press on April 13, 2007. He sustained a severe crush injury and developed psychological conditions. Based upon an independent medical evaluation by Charles Weise, M.D., the claim was held compensable for several physical conditions as well as psychalgia, adjustment reaction mixed emotions, and post-traumatic stress disorder.

1

Teresa Smith, Ph.D., performed a psychological evaluation of Mr. Williamson on December 16, 2010. She found indications of moderate anxiety and depression and opined that the testing was an adequate and reliable estimate of psychological functioning. Ralph Smith, M.D., prepared a psychological report based in part upon Dr. Teresa Smith's psychological evaluation. He diagnosed Mr. Williamson with post-traumatic stress disorder and major depression. Mr. Williamson was found to have reached maximum medical improvement and his global assessment of functioning score was determined to be fifty-five. Dr. Ralph Smith concluded that this placed Mr. Williamson in Class 3 under West Virginia Code of State Rules § 85-20-Exhibit B (2006). Due to the number and intensity of the symptoms, Dr. Ralph Smith assessed 14% psychological whole person impairment. The claims administrator granted Mr. Williamson a 14% psychiatric permanent partial disability award on January 20, 2011.

In a psychological evaluation on May 23, 2011, Ahmed Faheem, M.D., concluded that Mr. Williamson had reached maximum medical improvement and had a global assessment of functioning score of forty-eight. He found severe depression and anxiety which placed Mr. Williamson in Class 4 under West Virginia Code of State Rules § 85-20-Exhibit B. Mr. Williamson's impairment was determined to be 20%, because his depression and post-traumatic stress disorder persisted even though he had received some counseling and was being treated with psychiatric medication.

Bobby Miller, M.D., conducted a forensic psychiatric evaluation of Mr. Williamson on December 27, 2011. He opined that Mr. Williamson actually suffered from a dysthymic disorder and a non-compensable personality disorder. He determined that the dysthymic disorder placed Mr. Williamson in Class 3 under West Virginia Code of State Rules § 85-20-Exhibit B. Mr. Williamson's impairment was assessed at 14%, however, non-work-related factors were found to account for 25% of the presence of the disorder. Consequently, Mr. Williamson's whole person impairment was adjusted to 11%.

The Office of Judges affirmed the claims administrator's decision in its April 19, 2012, Order. It found that Dr. Ralph Smith concurred with Dr. Weise's diagnoses and impression of Mr. Williamson. Dr. Ralph Smith's report was determined to be based upon reliable psychiatric testing. His determination that Mr. Williamson fell into Class 3 under West Virginia Code of State Rules § 85-20-Exhibit B and assessment of 14% whole person impairment was found to be the most reliable opinion of record.

Dr. Faheem's report was found to be inconsistent with the other reports of record. He placed Mr. Williamson in Class 4 under West Virginia Code of State Rules § 85-20-Exhibit B. Individuals in this class require intensive outpatient care, day hospitals, and occasional to frequent hospitalization. Mr. Williamson underwent some outpatient treatment which has discontinued. He is somewhat able to function, attends church, and sometimes socializes. The Office of Judges found that this did not comport with a Class 4 impairment. Dr. Miller's report was also determined to be unreliable, because it significantly differed from the other reports of record. He diagnosed Mr. Williamson with a dysthymic disorder and attributed a portion of the condition to non-work-related factors. He also found significant symptom exaggeration which

was not indicated in any other report of record. The Office of Judges consequently held that Mr. Williamson was entitled to a 14% psychiatric permanent partial disability award.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 22, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Mr. Williamson's impairment places him in Class 3 under West Virginia Code of State Rules § 85-20-Exhibit B. This entitles him to an impairment rating between 6% and 14%. Dr. Ralph Smith's recommendation of 14% impairment is both reliable and persuasive.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 16, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II